# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Robert Bowers III,**
**Petitioner Below, Petitioner**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1314** (Kanawha County 05-MISC-448)

**Marvin Plumley, Warden,**
**Respondent Below, Respondent**

### MEMORANDUM DECISION

Petitioner Robert Bowers III, by counsel Jason Parmer,[1] appeals the Circuit Court of Kanawha County's order entered on September 25, 2012, denying his second amended petition for writ of habeas corpus. Respondent Warden Marvin Plumley, by counsel Laura Young, filed a summary response in support of the circuit court's decision. On appeal, petitioner alleges that the circuit court erred in denying his second amended petition for writ of habeas corpus because he received ineffective assistance of trial counsel and was denied his constitutional rights to trial by an impartial jury and a presumption of innocence.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On August 14, 1997, the victim arranged to pick up Charles Frye Jr., petitioner's co-defendant,[2] at petitioner's house to go to a bar for drinks. Upon arriving at his house, petitioner asked the victim for a ride to his friend's house. While driving to petitioner's friend's house, petitioner began punching the victim in the head and choking him from the backseat, which caused the victim to stop the vehicle. After petitioner told his co-defendant to take the victim's wallet, petitioner dragged the victim out of the vehicle and began kicking him in the head with his steel-toed boots. Following the attack, petitioner and his co-defendant drove away in the victim's car.

In January of 1998, petitioner and his co-defendant were each indicted on one count of aggravated robbery, West Virginia Code § 61-2-12 and one count of malicious wounding, West Virginia Code § 61-2-9. Petitioner's co-defendant pled guilty to one count of aggravated robbery. As part of the co-defendant's plea agreement, he agreed to testify against petitioner and the State dismissed the remaining charge of malicious wounding. Following a three-day trial in

---

[1]Counsel filed his brief pursuant to *Anders v. Cal.*, 386 U.S. 738 (1967).

[2]Petitioner's co-defendant is not a party to this appeal.

1

January of 1999, petitioner was convicted of aggravated robbery and malicious wounding. Petitioner was sentenced to a term of incarceration of sixty years for aggravated robbery and a consecutive term of incarceration of two to ten years for malicious wounding.

In December of 1999, petitioner filed a direct appeal with this Court that was refused by order entered on February 24, 2000. Following the refusal of his direct appeal, petitioner filed a petition for writ of habeas corpus relief with this Court in September of 2000, which was refused by order entered on January 25, 2001.[3] Next, petitioner filed his first *pro se* petition for writ of habeas corpus in the Circuit Court of Kanawha County on June 18, 2001. By order entered on July 31, 2001, the circuit court denied the petition without conducting a hearing. This Court refused petitioner's *pro se* appeal of the circuit court's order denying habeas relief by order entered on July 15, 2002. However, while petitioner's first appeal of the circuit court's order denying him habeas relief was still pending with this Court, petitioner filed a second petition for writ of habeas corpus on March 20, 2002, in the Circuit Court of Kanawha County. Petitioner's second petition was denied by the circuit court by order entered on September 3, 2002. On December 12, 2002, petitioner filed his *pro se* appeal of the circuit court's September 3, 2002, order denying his petition for habeas corpus relief, which was refused by this Court by order entered on July 18, 2003.[4]

Petitioner filed his third petition for writ of habeas corpus on November 2, 2005. The circuit court appointed counsel for petitioner. Following the withdrawal and appointment of two different attorneys, petitioner, by counsel Dennis Bailey, filed an amended petition for writ of habeas corpus on October 31, 2008. After two more attorneys were permitted to withdraw, the circuit court appointed the Kanawha County Public Defender's Office to represent petitioner by order entered on May 14, 2010. Subsequently, counsel filed a second amended petition for writ of habeas corpus on December 8, 2011, and petitioner's "Losh List" on March 27, 2012.[5] Petitioner alleged the following grounds in his second amended petition for writ of habeas corpus: ineffective assistance of counsel in that trial counsel implied that he was guilty of the crimes, and that he was prejudiced by an inadvertent statement by Corporal Randall West during his testimony. Following an omnibus evidentiary hearing, the circuit court denied petitioner's second amended petition for writ of habeas corpus by order entered on September 25, 2012. The circuit court held that petitioner's trial counsel was not ineffective and that petitoiner was not severely prejudiced by an inadvertent statement made by a State witness. The circuit court noted that petitioner "failed to specify facts that prove counsel's performance was atypical . . . . [and] there is no reasonable probability that but-for these alleged errors a different outcome would have resulted."

---

[3]Petitioner asserted the following grounds for relief: trial counsel failed to disclose key evidence, trial counsel failed to impeach perjured testimony, and trial counsel failed to act responsibly as a defense lawyer.

[4] Petitioner asserted that his sentence of sixty years of incarceration for aggravated robbery is disproportionate.

[5]The checklist of grounds typically used in habeas corpus proceedings, commonly known as "the Losh list," originates from *Losh v. McKenzie*, 166 W.Va. 762, 277 S.E.2d 606 (1981).

Petitioner now appeals the September 25, 2012 order. He alleges two assignments of error. First, petitioner alleges that his trial counsel was ineffective because he conceded petitioner's guilt during his opening and closing arguments without petitioner's consent. In his second assignment of error, petitioner argues that because a State's witness testified that petitioner's blood was drawn at the South Central Regional Jail, and the fact of his incarceration was brought to the jury's attention, he was denied his constitutional rights to a trial by an impartial jury and a presumption of innocence.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). After careful consideration of the parties' arguments, this Court concludes that the circuit court did not abuse its discretion in denying the second amended petition for writ of habeas corpus. A review of the record reveals that trial counsel did not state that petitioner committed aggravated robbery and malicious wounding. Furthermore, trial counsel testified at the omnibus hearing that petitioner was in full agreement with his trial strategy to admit certain elements of the crimes, while attacking other elements of the crimes that were necessary for a conviction. The circuit court clearly addressed petitioner's claim regarding alleged ineffective assistance of counsel and also addressed whether he was denied his right to a fair trial. Having reviewed the circuit court's "Final Order" entered on September 25, 2012, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

FILED

2012 SEP 25 PM 4:01

CATHY S. GATSON, CLERK
KANAWHA COUNTY CIRCUIT COURT

STATE EX REL ROBERT BOWERS III,

      Petitioner,

v.

      Civil Action No.: 05-MISC-448
      Judge James C. Stucky

ADRIAN HOKE, WARDEN
HUTTONSVILLE CORRECTIONAL CENTER,

RECEIVED

SEP 28 2012

PUBLIC DEFENDER
OFFICE

      Respondent.

## FINAL ORDER

On the 8th day of December, 2011, came the Petitioner, Robert Bowers III (hereinafter "Petitioner") , by counsel, Robert C. Catlett, and filed with the Circuit Clerk of Kanawha County, a Second *Amended Petition for Writ of Habeas Corpus*. An omnibus hearing was held on May 3, 2012; as a result of the hearing, this Court directed the parties to submit proposed findings of fact and conclusions of law.

Whereupon, after giving due and mature consideration to said written petition, the Court is of the opinion to and does hereby **ORDER** that Petitioner's Second *Amended Petition for Writ of Habeas Corpus* is **DENIED**.

## PROCEDURAL HISTORY

1.      On January 27, 1999, Petitioner was convicted by a jury for the felony offense of Aggravated Robbery, for which he is serving sixty (60) years, and the felony offense of Malicious Wounding, for which he is serving no less than two nor more than ten (10) years. The sentences are to run consecutively.

2.      Upon the conviction date entered on March 29, 1999, Petitioner was remanded

1

to the custody of the West Virginia Department of Corrections.

3.    Petitioner filed a petition for appeal to the Supreme Court of West Virginia with regard to his convictions on December 28, 1999, via appointed appellate counsel David Schales, Esq. (Supreme Court Case No. 993451). This petition was summarily denied, thus exhausting Petitioner's appellate remedies in this State.

4.    Petitioner filed a Pro Se Petition for *Writ of Habeas Corpus* with the Kanawha County Circuit Court on November 2, 2005. As a result of this petition, Petitioner was appointed Jesse Forbes, Esq. as counsel.

5.    By Order of the Court dated March 7, 2008, Jesse Forbes, Esq., was relieved as Petitioner's counsel and replaced by Dennis Bailey. Mr. Bailey filed an *Amended Petition for Writ of Habeas Corpus* on October 31, 2008.

6.    On May 14, 2010, the Office of the Kanawha County Public Defender was appointed to represent Petitioner and granted leave to file this second amended petition.

## DISCUSSION OF LAW

Petitioner sets forth two arguments for why he should be granted relief: (1) Petitioner was denied his rights to effective assistance of counsel during the trial; and (2) Petitioner was severely prejudiced by an inadvertent statement made during the testimony of Corporal Randy West.

In West Virginia, ineffective assistance of counsel claims are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). The two-pronged test consists of whether (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but-

2

for counsel's unprofessional errors, the results of the proceedings would have been different. Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3 (1995). In regard to the first requirement, Petitioner must first "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *State ex rel. Myers v. Painter*, 213 W.Va. 32 (2002) (citing *Strickland*, 466 U.S. at 690). The West Virginia Supreme Court has provided the following standards for reviewing counsel's performance:

> Court must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller* at Syl. Pt. 6.

Importantly, "[t]he petitioner's burden in this regard is heavy, as there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *State ex rel. Vernatter v. Warden, West Virginia Penitentiary*, 207 W.Va. 11, 17, 528 S.E.2d 207, 213 (internal citation omitted). Moreover, in evaluating counsel's performance, the Supreme Court of Appeals of West Virginia held that courts must avoid the use of hindsight when evaluating counsel's conduct. "Rather, under the rule of contemporary assessment, an attorney's actions must be examined according to what was known and reasonable at the time the attorney made his or her choices." Syl. Pts. 3 & 4, *State ex rel. Daniel v. Legursky*, 195 W.Va. 314, 465 S.E.2d 416.

In regard to the second prong of the test, the reviewing court must determine whether counsel's deficient performance adversely affected the outcome in a given

case. *State ex rel. Myers v. Painter*, 213 W.Va. at 36. More importantly, a petitioner must demonstrate that the complained of deficiency or errors of counsel resulted in prejudice or a "reasonable probability" that in the absence of error the result would have been different. *Id.* Finally, "[i]n deciding ineffective of assistance claims, a court need not address both prongs of the conjunctive standard of Strickland and Miller, but may dispose of such a claim based solely on a petitioner's failure to meet either prong of the test." *State ex rel. Edgell v. Painter*, 206 W.Va. 168 (2002) (citing *State ex rel. Daniel v. Legursky*, 195 W.Va. 314).

In this case, Petitioner contends that his trial counsel was ineffective by providing implications that the defendant was guilty of the crimes in which he was being charged. Specifically, Petitioner contends that defense counsel's opening statement stated "this isn't about homosexuality or homosexuals being a victim of crime, this is about sexual predators being a victim of a crime" (*January 25, 1999, Tr. Trans.* at 80), and "what was taken from Mr. Wilder was the cash he was trying to offer up for sex" (*Id.* at 80). In the transcript of Petitioner's Writ of Habeas Corpus on March 3, 2012, Petitioner's trial counsel provides the explanation of his trial strategy. The evidence against Petitioner forced defense counsel to admit certain elements of the crime; therefore, defense counsel took the evidence that he was given and used the story of the Petitioner to form a defense.

Petitioner was charged with robbery under Chapter 61, Article 2, Section 12, of the West Virginia Code along with Malicious Wounding. The satisfaction of the elements of Robbery or Attempted Robbery requires that the person must rob or attempt to rob along with some sort of assault. Petitioner admitted to assaulting Mr. Wilder; therefore,

4

defense counsel could only deny the robbery element of the crime.

Petitioner's second argument for relief is that he was severely prejudiced by an inadvertent statement made during the testimony of Corporal Randy West. On direct examination, Corporal West inadvertently stated the following: "I was present when [Mr. Bower's blood] was drawn. That was taken at the South Central Regional Jail." (*January 25, 1999, Tr. Trans.* at 173). After a bench conference, defense counsel moved for a mistrial. After the court heard arguments from counsel, the Court denied defense counsel's motion for a mistrial and instructed the jury that they were to disregard Corporal West's testimony as to the effect that Defendant's blood was drawn at South Central Regional Jail. (*Id.* at 214).

As it may create prejudice, defendants in criminal actions are not made to wear prison attire while standing trial. Syl. Pt. 2, *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). The mere revelation that Petitioner's blood was drawn in a jail four months prior to the trial substantially differs from a defendant wearing prison attire while standing trial. The statement itself doesn't imply that Petitioner was currently in jail. Further, the judge gave a curative instruction to disregard the testimony of Corporal West to the effect that Petitioner's blood was taken at a jail.

While the Petitioner has alleged vital grounds, he has failed to specify facts that prove counsel's performance was atypical under an objective standard of reasonableness. Furthermore, considering the facts and circumstances of Petitioner's case, there is no reasonable probability that but-for these alleged errors a different outcome would have resulted.

5

**WHEREFORE,** for the foregoing reasons, the Court is of the opinion to and does

hereby **ORDER** that Petitioner's Second *Amended Petition for Writ of Habeas Corpus* is

**DENIED.** The Clerk of the Court is hereby directed to send copies of this Order to

Robert C. Catlett, Esq.
Kanawha County Public Defender Office
P.O. Box 2827
Charleston, WV 25330

Charles T. Miller, Esq.
Office of the Prosecuting Attorney
301 Virginia Street, East
Charleston, WV 25301

Enter this Order the 25th day of September, 2012.

James C. Stucky, Judge
Thirteenth Judicial Circuit

STATE OF WEST VIRGINIA,
COUNTY OF KANAWHA, SS
I, CATHY S. GATSON, CLERK OF CIRCUIT COURT OF SAID COUNTY
AND IN SAID STATE, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE COPY FROM THE RECORDS OF SAID COURT
GIVEN UNDER MY HAND AND SEAL OF SAID COURT THIS
DAY OF
CLERK
CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA